

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

UNITED STATES OF AMERICA

v.                                    Criminal No. 3:08cr183

DARRELL JEROME JACKSON

### MEMORANDUM OPINION

Darrell Jerome Jackson was convicted of conspiracy to possess with intent to distribute and distribute 50 grams or more of cocaine base. On July 30, 2008, the Court sentenced Jackson to a 120-month term of imprisonment. The matter is before the Court on Jackson's petition for a writ of audita querela.

Jackson asserts that he was denied the effective assistance of counsel at sentencing. Jackson contends that he is entitled to pursue a petition for a writ of audita querela under the All Writs Act, 28 U.S.C. § 1651, because he would face significant procedural obstacles in obtaining relief under 28 U.S.C. § 2255.[1] Jackson is wrong.

"'[T]he All Writs Act is a residual source of authority to issue writs that are not otherwise covered by statute. Where a statute specifically addresses the particular issue at hand, it is

---

[1] Jackson specifically disavows that he is seeking relief under 28 U.S.C. § 2255. Therefore, the Court will not construe his submission to invoke the Court's jurisdiction under 28 U.S.C. § 2255. Cf. United States v. Blackstock, 513 F.3d 128, 132-33 (4th Cir. 2008) (explaining that the district court must advise inmates of the consequences of filing a § 2255 motion prior to converting a mislabeled postconviction motion into a motion pursuant to § 2255).

that authority, and not the All Writs Act, that is controlling.'" Carlisle v. United States, 517 U.S. 416, 429 (1996) (quoting Penn. Bureau Corr. v. U.S. Marshals Serv., 474 U.S. 34, 43 (1985)). Title 28 U.S.C. § 2255 specifically addresses challenges to a conviction or sentence by a federal prisoner, thus, that statute, with its accompanying statute of limitations, is controlling. See In re Rushing-Floyd, 62 F. App'x 64, 64-65 (4th Cir. 2003). The fact that a petitioner may be unable to obtain relief under 28 U.S.C. § 2255 does not alter this conclusion. Id. (citing United States v. Valdez-Pacheco, 237 F.3d 1077, 1080 (9th Cir. 2001)). Accordingly, Jackson's petition for a writ of audita querela (Docket No. 34) will be DENIED.

If Jackson wishes to invoke this Court's jurisdiction under 28 U.S.C. § 2255 he must do so unequivocally and in accordance with the rules governing such actions. Any motion under 28 U.S.C. § 2255 must conform to the form prescribed by the rules governing such motions and be sworn to under penalty of perjury. See Rule 2(b), Rules Governing § 2255 Proceedings. The Court will process a request for relief under 28 U.S.C. § 2255 upon receipt from Jackson of the properly completed forms seeking such relief. The Clerk will be DIRECTED to send Jackson a copy of the forms for filing a motion under 28 U.S.C. § 2255.

The Clerk is DIRECTED to mail a copy of the Memorandum Opinion to Jackson and counsel for the United States.

And it is so Ordered.

/s/      _REP_
_____

Robert E. Payne
Senior United States District Judge

Dated: _September 25, 2011_
Richmond, Virginia