IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

OCT - 2 2012

CLERK, U.S. DISTRICT COURT
RICHMOND, VA

UNITED STATES OF AMERICA

v.  Criminal Action No. 3:08CR183

DARRELL JEROME JACKSON

## MEMORANDUM OPINION

Darrell Jerome Jackson, a federal inmate proceeding pro se, brings this motion pursuant to 28 U.S.C. § 2255 ("§ 2255 Motion"). (Docket No. 39.) The Government has moved to dismiss on the ground that the statute of limitations bars the § 2255 Motion. For the reasons set forth below, the Government's Motion to Dismiss (Docket No. 42) will be granted.

### I. PROCEDURAL HISTORY

Jackson pled guilty to conspiracy to possess with intent to distribute and distribute fifty (50) grams or more of cocaine base. On August 1, 2008, the Court entered Jackson's Criminal Judgment on the docket. Jackson did not file an appeal.

On May 31, 2011, the Court received a "PETITION FOR WRIT OF 'AUDITA QUERLA'" from Jackson. By Memorandum Opinion and Order entered on September 26, 2011, the Court denied Jackson's "PETITION FOR WRIT OF 'AUDITA QUERLA.'" The Court informed Jackson that if he wished to pursue a 28 U.S.C. § 2255 motion,

he must unequivocally invoke the Court's jurisdiction under that statute.

On October 7, 2011, the Court received the present § 2255 Motion from Jackson along with a "MOTION FOR ENLARGEMENT OF TIME TO FILE SECTION 2255 AND TO PRESERVE RIGHT TO APPEAL." In his § 2255 Motion, Jackson requests relief because: "Counsel was ineffective for failure to file a motion in this District Court at sentencing for a §5H1.4 or §1B1.13 reduction due to Jackson's serious 'physical impairment.'" (§ 2255 Mot. 5.)

By Memorandum Order entered on December 13, 2011, the Court denied Jackson an extension of time to file a § 2255 motion and directed the Government to respond to Jackson's § 2255 Motion.[1] Prior to the entry of the December 13, 2011 Memorandum Order, on November 23, 2011, the Government, however, filed a Motion to Dismiss (Docket No. 42) with an appropriate notice pursuant Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975).[2] Thus, the Court requires no further response from the Government at this time.

On June 18, 2012, Jackson submitted a "MOTION PURSUANT TO 28 U.S.C. § 2248, AND RULE 8(d) OF FEDERAL RULES OF CIVIL

---

[1] The Court also treated Jackson's October 7, 2011 submission as a notice of appeal with respect to the September 26, 2011 Memorandum Opinion and Order.

[2] On December 5, 2011, Jackson filed his opposition to the Motion to Dismiss.

2

PROCEDURE FOR JUDGMENT IN MOVANT'S FAVOR DUE TO RESPONDENT'S FAILURE TO RESPOND," wherein he seeks default judgment against the Government. Because the Government has responded to Jackson's § 2255 Motion, Jackson's motion seeking entry of default judgment against the Government (Docket No. 57) will be denied.

## II. STATUTE OF LIMITATIONS

Section 101 of the Antiterrorism and Effective Death Penalty Act ("AEDPA") amended 28 U.S.C. § 2255 to establish a one-year period of limitation for the filing of a § 2255 Motion. Specifically, 28 U.S.C. § 2255(f) now reads:

> **(f)** A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> **(1)** the date on which the judgment of conviction becomes final;
>
> **(2)** the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> **(3)** the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

**(4)** the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

### A. The Statute Of Limitations Bars Jackson's § 2255 Motion

Because Jackson did not appeal, under 28 U.S.C. § 2255(f)(1), his conviction became final on Friday, August 15, 2008, the last date to file an appeal. See United States v. Clayton, No. 3:07cr488, 2010 WL 4735762, at *3 (E.D. Va. Nov. 15, 2010) (citing Arnette v. United States, Nos. 4:01CR16, 4:04CV122, 2005 WL 1026711, at *4 (E.D. Va. May 2, 2005)); Fed. R. App. P. 4(b)(1)(A) (effective until December 9, 2009) (requiring defendant to file an appeal within ten (10) days of the entry of judgment). Hence, Jackson had until Monday, August 17, 2009 to file any motion under 28 U.S.C. § 2255. Because Jackson did not file his § 2255 Motion until more than two years after that date, the statute of limitations bars the § 2255 Motion unless Jackson demonstrates entitlement to a belated commencement of the limitation period under 28 U.S.C. § 2255(f)(2)-(4) or equitable tolling.

Neither Jackson nor the record presents circumstances warranting a belated commencement of the limitation period pursuant to 28 U.S.C. § 2255(f)(2)-(4). Additionally, Jackson

4

fails to advance any basis for tolling the statute of limitations.[3] Instead, Jackson simply states, "The Supreme Court has never addressed the question of whether the 'actual innocence' standard or the 'cause and prejudice' standard would overcome [the] statute of limitation, because before the AEDPA there was no such limitation." (Movant's Opp'n (Docket No. 45) 2.) Jackson, however, does not submit any evidence that indicates he is actually innocent. Nor does Jackson explain how some extraordinary circumstance[4] caused him to file his § 2255 Motion beyond the limitation period. Accordingly, the statute of limitations bars Jackson's § 2255 Motion.

---

[3] Jackson also states, "Failure to grant habeas relief in this case would present serious suspension clause issues and since Jackson did not appeal his case, deny him any review of his case." (Movant's Opp'n 2.) The AEDPA's statute of limitations does not violate the Suspension Clause of the Constitution. Hill v. Dailey, 557 F.3d 437, 438 (6th Cir. 2009) (citing cases); Davis v. Bumgarner, No. 99-6791, 1999 WL 1032617, at * 1 (4th Cir. Nov. 15, 1999) (citing Mueller v. Angelone, 181 F.3d 557, 572-73 (4th Cir. 1999)).

[4] The Supreme Court has "made clear that a 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 130 S. Ct. 2549, 2562 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)).

5

## III. CONCLUSION

For the foregoing reasons, the Government's Motion to Dismiss (Docket No. 42) will be granted. Jackson's § 2255 Motion (Docket No. 39) and "MOTION PURSUANT TO 28 U.S.C. § 2248, AND RULE 8(d) OF FEDERAL RULES OF CIVIL PROCEDURE FOR JUDGMENT IN MOVANT'S FAVOR DUE TO RESPONDENT'S FAILURE TO RESPOND" (Docket 57) will be denied. The action will be dismissed.

An appeal may not be taken from the final order in a § 2255 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). No law or evidence suggests that Jackson is entitled to further consideration in this matter. A certificate of appealability will therefore be denied.

The Clerk is directed to send a copy of the Memorandum Opinion to Jackson and counsel for the Government.

And it is so ORDERED.

/s/ REP
Robert E. Payne
Senior United States District Judge

Date: October 2, 2012
Richmond, Virginia